**Grady Asbon COX, Petitioner-Appellant,**

v.

**John C. BURKE, Warden, Wisconsin State Prison, Respondent-Appellee.**

**No. 15422.**

United States Court of Appeals Seventh Circuit.

May 25, 1966.

William C. Dill, Milwaukee, Wis., for appellant.

William A. Platz, State's Atty., Madison, Wis., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal from the denial by the district court of the petition of Grady Asbon Cox for a writ of habeas corpus.

Cox is presently in custody in Wisconsin pursuant to a judgment of conviction entered by a Wisconsin state court on his plea of guilty to the charge of rape. After an examination and a finding that Cox was in need of specialized treatment, he was committed on September 11, 1958 to the sex deviate facility of the State Department of Public Welfare at the Wisconsin State Prison, Waupun, Wisconsin, under section 959.15(6), Wis.Stats.

In 1964, Cox made application to the Supreme Court of Wisconsin for a writ of habeas corpus. A hearing by a referee was held at which Cox was present and represented by counsel. Findings adverse to Cox's contentions were made by the referee. The Wisconsin Supreme Court confirmed the findings, denied and dismissed Cox's petition without opinion.

Cox then filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Wisconsin. The court, without a hearing, but after considering the record in the case, together with Cox's petition and the state's return thereto, rendered an opinion and entered an order denying Cox's petition.

After receiving certification that probable cause for appeal existed, this appeal followed.

Cox was arrested in Kenosha, Wisconsin, July 8, 1958, on the complaint of a seventy-seven year old woman, his landlady, that he had raped her. At arraignment in the Wisconsin state court, the information was read to Cox. The court inquired whether Cox understood the charge and whether he understood that it was serious. Cox indicated that he did understand. The court advised him that he had a right to be represented by counsel. Cox waived counsel and entered a plea of guilty.

At the state post-conviction evidentiary hearing on Cox's petition for a writ of habeas corpus, the following relevant findings of fact were made.

Cox was 37 years old at the time of the hearing. His intelligence quotient was low, between 70 and 80, and he had been educated only to the fourth grade.

In 1952, Cox was convicted of burglary after having waived counsel and having pleaded guilty to the charge. He was sentenced to a term of one year to 15 months.

In 1954, Cox was charged with the crime of murder in the second degree, to which he pleaded not guilty. During the course of the trial, at which Cox was represented by counsel, the charge was reduced to manslaughter. Cox entered a plea of guilty to this charge, and was sentenced to a term of one to two years.

In 1956, Cox was charged with driving a vehicle after revocation of his license. He was represented by counsel, entered a plea of guilty, and was fined.

At the criminal proceedings in 1954 and 1956, at which Cox was represented by counsel, the court did not inform Cox of his constitutional rights.

Before Cox appeared in county court on the charge of rape, he was interviewed by the county district attorney in the presence of a police detective captain. During this interview, the district attorney informed Cox of his right to counsel at public expense, of his right to a preliminary examination, and of the fact that he was charged with a felony, which was a serious charge.

When he appeared in county court, the court advised Cox of his right to counsel and informed him that the charge was a serious one. At that time, Cox waived counsel and pleaded guilty. He understood his right to counsel, and he knew that he had made a sexual assault on his landlady, knew that he had made penetration, and knew the nature of the charge of rape.

The trial judge did not inquire into Cox's education nor into his comprehension of the nature of the crime and the proceedings, nor did it inform him of the range of possible punishments. The trial judge also failed to alert Cox that a lawyer might discover defenses or mitigating circumstances not apparent to Cox.

Finally, it was found that Cox was acquainted with, but did not understand the meaning, or the implications, of Wisconsin's sexual deviate law.

At the state evidentiary hearing, there was uncontroverted testimony by a clinical psychologist acquainted with Cox, that, in his opinion, Cox had sufficient intelligence to understand what was said to him at the time of his prosecution.

The district attorney testified that he believed that Cox had understood the nature of the charge and that Cox had admitted the commission of the material elements of the crime of rape.

In this appeal, Cox contends that he was not able competently and intelligently to waive his right to counsel and enter a plea of guilty because he was not informed of the maximum sentence which could be imposed upon him. He also contends that the district court erred in not requiring the respondent warden to include in his return to Cox's petition a true copy of the indictment upon which Cox was charged.[1]

■ Waiver of counsel standards which federal courts must apply have been clearly expressed by the Supreme Court:

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

"To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and the circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Von Moltke v. Gillies, 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948).

■ The concern of due process is fundamental fairness. The question to be asked in determining the legal adequacy of waiver of counsel is whether, in view of the totality of the circumstances of a particular case, it would be unfair because of the accused's lack of understanding to allow the waiver to stand.

In some circumstances, the failure to apprise a defendant of the maximum possible sentence could be a defect creating such unfairness that waiver of counsel is invalid. See *Von Moltke, supra.*

■ In the instant case, Cox was acquainted with criminal process, had previous experience with the consequences of a guilty plea, had prison experience, and had knowledge of the benefits of counsel. He had knowledge that a charge of rape was a serious charge.

We have not been shown any unfairness in holding Cox to his waiver of counsel. Under the particular facts and circumstances of this case, the failure of the trial court to indicate a maximum sentence did not render Cox's waiver of counsel incompetent or unintelligent. See Butler v. Burke, 7 Cir., 360 F.2d 118 (April 15, 1966).

The remaining asserted error is that the district court failed to require the respondent warden to include in his return to Cox's petition a true copy of the indictment under which Cox was charged. It is argued that this failure kept from the district court some part of the pertinent records in Cox's case, thereby causing the district court to make its determination of the adequacy of the state evidentiary hearing on the basis of incomplete information.

The Supreme Court in Townsend v. Sain, 372 U.S. 293, 319, 83 S.Ct. 745, 760, 9 L.Ed.2d 770 (1963) said:

"A District Court sitting in habeas corpus clearly has the power to compel production of the complete state-court record. Ordinarily such a record—including the transcript of testimony (or if unavailable some adequate substitute such as a narrative record), the pleadings, court opinions, and other pertinent documents—is indispensable to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings."

1. In point of fact, Cox was charged under an information and not under an indictment.

· While the Supreme Court has noted the power of a district court sitting in habeas corpus to compel the production of records and the desirability of a full record, the Supreme Court has not required the district courts to obtain a technically complete state record in all cases.

█ The district court had before it, when it made its decision not to require an evidentiary hearing, all the records in the case, including the minutes of arraignment and the transcript of the state hearing, with the exception of the information under which Cox had been charged. This information was not challenged by Cox at any time.

The district court had before it a sufficiently complete record to satisfy itself, without abuse of discretion, that Cox had received a full and fair state court evidentiary hearing which resulted in reliable findings. More is not required. Cf. Townsend v. Sain, supra.

█ In his reply brief, counsel for Cox argues that it is doubtful that Cox understood the legal meaning of the crime with which he was charged. While Cox testified at the state evidentiary hearing that he did not know the elements of the crime of rape and that he did not know what penetration was, he also testified, contrarily, that he knew the meaning of rape and indicated knowledge of the elements of the crime. Our reading of his testimony satisfies us that Cox had knowledge of the meaning of rape, the benefits of counsel and the seriousness of the charge.

We have examined other contentions made by Cox on this appeal but do not find them persuasive.

Petitioner was represented on appeal by court appointed counsel, Mr. William C. Dill of the Wisconsin Bar. We commend Mr. Dill for his careful presentation and excellent argument in petitioner's behalf, and express our appreciation for this service.

The order appealed from in this case is affirmed.

Affirmed.