STATE of Iowa, Plaintiff–Appellee,

v.

James Angelo Madison BERGER, Defendant–Appellant.

No. 88–51.

Court of Appeals of Iowa.

Jan. 26, 1989.

Raymond E. Rogers, Acting Chief Appellate Defender, and Barbara M. Anderson, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Sarah J. Coats, Asst. Atty. Gen., and Daniel Shuck, Asst. Co. Atty., for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

OXBERGER, Chief Judge.

A jury found James Berger guilty of second-degree burglary. The defendant contends the trial court erred in failing to instruct the jury properly on the element of intent to commit a theft. Our review is for the correction of errors at law. We reverse and remand for a new trial.

Testimony at trial revealed the defendant and his cousin broke into the Hoing–Rice softball complex in Waterloo shortly after midnight, entered the concession stand through a hole in the fence, and opened a walk-in beer cooler there. An automatic alarm on the door of the cooler alerted police who apprehended Berger at the scene.

The sole issue on appeal is whether the trial court properly instructed the jury on intent to commit a theft, one of the elements of a burglary charge. The instruction which was given stated a theft occurs when a person takes possession or control of the property of another "with the intent to deprive the other of the property." Berger contends the court erred by not including the word "permanently" in the instruction. He urges that theft requires a permanent deprivation.

The State has not raised the issue of whether the defendant's present issue on appeal was the same issue which was raised in the trial court. Therefore we do not address this issue as we deem it was waived by the State.

Burglary is committed when:

Any person, *having intent to commit a* felony, assault or *theft* therein, who, having no right, license or privilege to do so, enters an occupied structure, such occupied structure not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person having such intent who breaks an occupied structure, commits burglary.

Iowa Code § 713.1 (1987) (emphasis added). Section 714.1(1) defines theft as occurring when a person takes possession or control of the property of another, or property in

the possession of another, with intent to deprive the other thereof. Iowa Code § 714.1(1) (1987).

Defendant argues because the precursor to the crime of "theft" in the Iowa Code was "larceny" which did require an intent to permanently deprive, theft should have the same requirement.

Defendant cites the language of Iowa Uniform Jury Instruction 1403. The instruction reads as follows:

Intent to "deprive the other" of the property means to permanently withhold, *or* cause it to be so withheld for an extended period of time, *or* under such circumstances, that its benefit or value is lost; *or*, the property is disposed of in such a manner or under such circumstances, as to render it unlikely that the owner will recover the property.

II Uniform Instructions Ann.Crim. Instruction No. 1403 (Iowa State Bar Ass'n 1982) (emphasis added).

The State responds stating the supreme court has not "definitively adopted Uniform Jury Instruction No. 1403." Furthermore, the State says even if there was error there was no prejudice.

In *State v. Fluhr*, 287 N.W.2d 857, 867 (Iowa 1980), the supreme court said:

Although there is some uncertainty as to the meaning of "intent to deprive" under the new statute section 714.1(1) The Code 1979, (citations omitted), II Iowa Uniform Jury Instruction No. 1403 provides some guidance which could be shared with defendants offering guilty pleas.

We conclude in the absence of further definitive statement by the supreme court that its statement in *Fluhr* is controlling and that the words in section 714.1(1) "intent to deprive" needs definition to clarify the length of time necessary to deprive the owner of his property to constitute theft.

In *Eggman v. Scurr*, 311 N.W.2d 77, 80 (Iowa 1981) the court said:

Revised criminal code offenses are to be construed as altering prior law only if a legislative intent to change the prior law is clear.

Professors Yeager and Carlson in their treatise Criminal Law and Procedure (1979), Vol. 4, section 313, in discussing the new theft law said:

The taking must be with the intent to deprive the other of his property. The term "permanently deprive" is not used, which leaves unanswered the question, under what conditions will one be said to deprive another of his property. The original bill contained some material which would have answered this question, but it was deleted in the legislative process. The Iowa court has not had to concern itself with the term, deprive, the former statute not employing that term. However, the court has held that a taking is not larceny when the person taking property intends to preserve it and return it to its owner. *State v. Marshall*, 206 Iowa 373, 220 N.W. 106 (1928). The word "deprive" usually denotes something more than a mere temporary dispossessing of another although a deprivation is not necessarily a permanent thing.

We hold that the intent to deprive used in the theft statute 714.1(1) of the 1987 Iowa Code requires more than a temporary dispossessing of another's property, although a deprivation is not necessarily a permanent thing.

We adopt the definition of "deprive the other" as set forth in II Iowa Uniform Jury Instruction No. 1403.

We now address the issue of prejudice in this case. The State offered no evidence that any property was removed during the burglary. The defendant denied he intended to remove any property from the premises. The defendant testified he rode on the dolly cart for ten (10) to fifteen (15) minutes.

The defendant is entitled to have the jury instructed on his theory of the case. Failure to instruct the jury on defendant's claim that his riding the dolly did not deprive the owner of his property as defined by Uniform Instruction 1403 was a prejudicial error.

We reverse and remand for a new trial.

REVERSED AND REMANDED FOR NEW TRIAL.

SCHLEGEL, J., concurs.

DONIELSON, J., dissents.

DONIELSON, Judge (dissenting).

I would affirm the decision of the district court. No prejudicial error was committed. Even with the adoption of Uniform Instruction 1403, the result would not necessarily have been different in this case. Instruction 1403 itself does not require a *permanent* taking. We should be careful not to read too much into the theft statute. We are to construe statutes using what the legislature said, not by what they might or should have said. Iowa R.App.P. 14(f)(13). The legislature did not include a time period for the word deprive in the definition of theft and we should not read one into it. It is not our job to legislate, and we should be reluctant to change the meaning of statutes through the addition or subtraction of words. We must interpret the statute as written.

I also find no prejudicial error occurred because the definition of burglary only requires the jury to find an *intent* to commit a theft. The majority has placed too much emphasis on the amount of time the defendant actually had control of the softball complex owner's property. Using Instruction 1403, the relevant question is whether defendant *intended* to control this property for an extended period of time. There is substantial evidence from which the jury could have found defendant guilty of this crime. Therefore, I would affirm the decision of the trial court.