**William L. STRINGER, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 93–263.**

Supreme Court of Iowa.

Oct. 19, 1994.

Kermit L. Dunahoo of Dunahoo Law Firm, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., John P. Sarcone, County Atty., and James Ramey, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

Postconviction applicant, William Lovell Stringer, appeals from the denial of relief in his challenge to a 1987 conviction for first-degree murder. The conviction was based on an armed robbery of three persons, one of whom was shot to death while resisting. The surviving victims identified Stringer as the perpetrator. His conviction was affirmed on direct appeal in an opinion filed by the court

of appeals on August 24, 1988. 438 N.W.2d 33.

Stringer makes three contentions in his quest for relief. These are: (1) counsel on his direct appeal was ineffective in failing to raise the issue that prosecutorial misconduct violated his right to due process of law; (2) counsel at trial and on direct appeal were ineffective in failing to raise the issue of inadequate jury instructions on the unreliability of eyewitness identification; and (3) counsel at his criminal trial was ineffective as a result of questions that "opened the door" to damaging evidence on redirect examination of an identification witness by the State. In addition, Stringer asserts that, if Iowa Code section 663A.8 (now codified as Iowa Code section 822.8 (1993)) is applied to preclude litigation of matters not raised on direct appeal, this would constitute a denial of due process. After considering Stringer's arguments of these contentions, as discussed more fully in the remainder of this opinion, we affirm the district court's denial of post-conviction relief.

I. *Claimed Ineffective Assistance of Appellate Counsel in Not Including an Argument Based on Denial of Due Process.*

■ The right under the Sixth Amendment to the federal Constitution to effective assistance of counsel extends to the assistance of counsel on appeal. *Sims v. State,* 295 N.W.2d 420, 424 (Iowa 1980). The same standards applied to trial counsel competency apply in measuring competency of appellate counsel. *Id.* These standards require the determination of whether under all of the circumstances counsel's performance was within the range of normal competency. *State v. Blackford,* 335 N.W.2d 173, 178 (Iowa 1983); *State v. Aldape,* 307 N.W.2d 32, 41–42 (Iowa 1981).

Stringer contends that counsel on his direct appeal was ineffective for failing to raise three issues as a possible basis for reversal on due process grounds. The issues referred to are (a) failure of the State to produce a report concerning the quantity of barium residue found on Stringer's hand in a timely manner pursuant to a motion to produce, (b) a question by the prosecutor that was not answered and that the jury was instructed to disregard dealing with the defendant having been identified as the perpetrator of other shootings, and (c) a question by the prosecutor that intimated defendant had previously been convicted of criminal activity.

With respect to the first of these issues, a motion for mistrial was made at Stringer's trial concerning the untimely production of the barium residue report. It was there urged that the untimely production caused him to call the preparer of the report as his witness, believing that witness would provide favorable testimony. Instead, Stringer urges, the witness provided unfavorable testimony. The testimony given was certainly not outcome determinative. The witness testified that there was an "inconsequential" amount of barium residue found on defendant's hand. This was the same conclusion that had been set out in the witness's written report. The only unfavorable conclusion this witness drew from the low amount of barium residue was that this circumstance would not eliminate defendant from having fired a gun within a short period of time prior to the testing.

■ Given the broad discretion that a trial court enjoys in ruling on motions for mistrial, we do not believe it was ineffective assistance of counsel not to include the denial of that motion as an issue on direct appeal. Appellate counsel must be discerning in the determination of those issues to be presented on appeal with an idea of presenting the most effective argument for the client. The omitted argument concerning the motion to produce was of marginal validity as a basis for reversal.

The other two claimed instances of ineffective assistance of appellate counsel were presented to the court of appeals on Stringer's direct appeal. It was then argued that those actions served to deny defendant a fair trial. The court of appeals rejected that contention. Defendant now urges that appellate counsel was ineffective for not urging that the unfairness produced by the prosecutor's actions sustains a claim for relief under the Fourteenth Amendment to the federal Constitution and Article I, Section 9 of the Iowa Constitution.

█ The State urges, and we agree, that the phrase "denial of a fair trial" is generally considered to invoke the same basic concepts that inhere in due process of law. *See Cox v. Burke,* 361 F.2d 183, 186 (7th Cir.1966) (fairness is the basic tenet of due process). Absent some citation of controlling constitutional authority directly on point, it will not be presumed that conduct not viewed as sufficiently unfair to warrant relief under general principles of a fair trial would have established a right to relief under a constitutional standard of due process. Because Stringer has not provided such authority, we must reject this argument as a basis for granting him postconviction relief.

II. *Claimed Ineffectiveness of Counsel With Respect to Instructions on Eyewitness Identification.*

Stringer next argues that both trial and appellate counsel were ineffective in failing to propose the giving of a detailed instruction on eyewitness identification testimony. The district court instructed the jury that,

> on questions of identity, therefore, the value of an opinion expressed by a witness depends upon the knowledge the witness has of the person attempted to be identified, the extent of his acquaintance or lack of it, the opportunity such witness has had for observation, and the circumstances surrounding the transaction in question, whether such is to be likely to impress upon the witness the appearance and personal characteristics of the party under consideration, or otherwise. It is not necessary that such opinion should be formed at the time the person sought to be identified was seen by the witness; but when such opinion is formed, it must be the result of the recollection of the person seen and of the facts connected with the seeing, and not from information derived from others.

Stringer characterizes the foregoing instruction as rambling, confusing, and disjointed. He believes that trial counsel should have proposed a more detailed instruction that included specific reference to the problems of identification that inhere in picking a suspect out of a group of similar individuals. Because this was the technique used by the police in securing his identification from the surviving victims, he urges it would have been more appropriate to have an instruction tailored to that method of identification rather than the trial court's general admonition that "you may consider the way in which the defendant was presented to the witness for identification."

█ We believe that the argument now presented goes to the form of the instruction and not the substance. Trial courts have a rather broad discretion in the language that may be chosen to convey a particular idea to the jury. *See State v. Grady,* 183 N.W.2d 707, 719 (Iowa 1971). Unless the choice of words results in an incorrect statement of law or omits a matter essential for the jury's consideration, no error results. *Id.* Stringer's trial counsel was not ineffective in failing to object to the instruction that was given nor in failing to present an alternative instruction containing the matters for which Stringer now argues on postconviction relief.

III. *Claimed Ineffectiveness of Trial Counsel in Asking Questions on Cross-Examination That "Opened the Door" to Damaging Redirect Examination.*

█ Stringer claims that his trial counsel was ineffective when, in cross-examining a surviving victim who had identified Stringer, a question was asked that opened the door to the State asking on redirect examination about prior shootings by Stringer. The question that Stringer's counsel had asked on cross-examination was designed to show that the police had prompted the surviving victims to identify Stringer by suggesting that he had been involved in other similar criminal activities. The question propounded on redirect examination was not answered by the witness, and the jury was admonished by the court to disregard the prosecutor's question. Consequently, the events that transpired may not be characterized as "door opening" by Stringer's counsel. They must be characterized as the asking of an improper question by counsel for the State.

█ The prejudicial effect of the improper question was argued to the court of appeals

as a ground for reversal on Stringer's direct appeal. That court found insufficient prejudice to warrant the granting of relief. That ruling stands as the law of the case concerning the prejudicial effect of this aborted questioning by the prosecutor.

IV. *Claim That Section 663A.8 (Now Codified as Iowa Code Section 822.8 (1993)) is Unconstitutional.*

Stringer has asserted that section 663A.8 (now codified as Iowa Code section 822.8 (1993)) is unconstitutional as a denial of due process of law to the extent it precludes raising issues in applications for postconviction relief that were not advanced on direct appeal. Because we have considered all of his claims on this appeal on the merits and have not invoked the challenged statute as a bar to any of his contentions, we need not determine the validity of this constitutional challenge.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**