# IN THE COURT OF APPEALS OF IOWA

No. 13-1638
Filed September 17, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WANDA CARRUTHERS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, Michael G. Dieterich, District Associate Judge.

        Wanda Carruthers appeals from judgment and sentence imposed upon her conviction of theft in the third degree in violation of Iowa Code sections 714.1(1) and .2(3) (2013).  **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

        Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Heather A. Mapes, Assistant Attorney General, Patrick C. Johnson, County Attorney, and Todd Chelf, Amy Beavers, and Justin Stonerook, Assistant County Attorneys, for appellee.

        Considered by Danilson, C.J., and Vogel and Bower, JJ.

**DANILSON, C.J.**

Wanda Carruthers appeals from judgment and sentence imposed upon her conviction of theft in the third degree in violation of Iowa Code sections 714.1(1) and .2(3) (2013). Carruthers contends the court failed to provide adequate reasons for the sentence imposed, failed to consider her ability to repay attorney fees, and imposed a sentence that is not supported by evidence of an intent to permanently deprive the owner of the property. We find the evidence sufficient to support the jury's determination that Carruthers intended to permanently deprive the owner of the cell phone. We remand, however, for the court to provide reasons for the sentence imposed.

**I. Background Facts.**

At about 9:00 a.m. on February 4, 2013, Elizabeth Richers was playing slot machines at Catfish Bend Casino and left her cell phone on the machine when she moved to another. Carruthers later saw the cell phone, picked it up, turned it off, and placed it in her pocket. When Richers went looking for her cell phone and returned to the area where she thought she might have left it, surveillance cameras show Carruthers was there at the machine.

Richers checked with the casino's lost and found without success. She left the casino and was going to report the missing phone to her carrier, but remembered the casino might be able to assist her by looking at surveillance footage. Richers returned to the casino and spoke with security personnel. Special Agent Robert Bixler of the Iowa Department of Criminal Investigations reviewed the security footage, which showed Carruthers picking up the phone,

light shining from the phone as she held it, and Carruthers placing the phone in her pocket.

Agent Bixler was able to get Carruthers' name and address from player services.  He went to Carruthers' home and spoke with one of Carruthers' daughters, who told him Carruthers was picking up another daughter from the library.  Agent Bixler advised Carruthers' daughter he was investigating an incident in the casino earlier that morning and requested she have Carruthers call him when she returned.  Less than five minutes later, Agent Bixler received a call from Carruthers asking him to meet at her home.  When he did so, Carruthers came out of her home and handed him the missing cell phone.

At trial, Carruthers testified she did not intend to keep the cell phone and she had intended to turn it in at the local police station.  When asked on cross-examination why she had turned off the cell phone she picked up, she said it was "habit."  She testified she did not notice Richers searching around the slot machine Carruthers was playing.  When asked why she did not turn in the phone to the casino's lost and found or to a security guard, she stated she just wanted to keep playing the slot machines.

The district court denied Carruthers' motions for judgment of acquittal. Carruthers was found guilty, and the court sentenced Carruthers to ninety days in jail with all but five days suspended.  The court stated no reasons for the sentence imposed.  Carruthers was ordered to pay $480 in attorney fees in $50 monthly installments.

Carruthers appeals.

**II. Sentencing Issues.**

We review a district court's sentence for the correction of legal error. *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). Iowa Rule of Criminal Procedure 2.23(3)(d) requires a sentencing judge to state the reasons for a particular sentence on the record. Although the reasons do not need to be detailed, they must be sufficient to allow appellate review of the discretionary action. *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). Here, no reasons were given for the sentence imposed, and the State concedes resentencing is required. We therefore vacate the sentence and remand to the district court for resentencing.

As for Carruthers' claim that the court did not adequately consider her ability to pay attorney fees,[1] the issue can be addressed on remand at the time of resentencing.

**III. Sufficiency of the Evidence.**

"We review sufficiency-of-the-evidence claims for correction of errors at law." *State v. Showens*, 845 N.W.2d 436, 439 (Iowa 2014). We view the evidence in the light most favorable to the State, including all reasonable inferences fairly drawn from the evidence. *Id.*

> We will consider all the evidence presented, not just the inculpatory evidence. Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt. "Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury [is] free to reject certain evidence, and credit other evidence."

---

[1] We make no determination as to Carruthers' reasonable ability to pay the installments imposed. *See State v. Van Hoff*, 415 N.W.2d 647, 648-49 (Iowa 1987).

*State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012) (citations omitted).

A person commits theft when the person "[t]akes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof." Iowa Code § 714.1. The intent to deprive "requires more than a temporary dispossessing of another's property." *State v. Berger*, 438 N.W.2d 29, 31 (Iowa Ct. App. 1989). Our supreme court has noted that an essential element of theft is the intent to permanently deprive the owner of her property:

> Because proof that the defendant acted with the specific purpose of depriving the owner of his property requires a determination of what the defendant was thinking when an act was done, it is seldom capable of being established with direct evidence. Therefore, the facts and circumstances surrounding the act, as well as any reasonable inferences to be drawn from those facts and circumstances, may be relied upon to ascertain the defendant's intent.

*State v. Schminkey*, 597 N.W.2d 785, 789 (Iowa 1999).

A reasonable jury viewing the trial evidence and all reasonable inferences arising therefrom could conclude Carruthers intended to permanently deprive the owner of the cell phone. Carruthers discovered a cell phone resting on the screen of a slot machine. She picked it up, turned it off, and placed it in her pocket. The jury could reasonably reject her explanation about why she turned the phone off ("habit") in light of her testimony she provided full-time care for her epileptic and learning-disabled daughter, which would presumably require that she remain reachable at all times. When the owner came back to the machine looking for her cell phone, Carruthers was there and said nothing. Carruthers left the casino with the cell phone. The jury was free to disbelieve Carruthers' claim

that she intended to turn the cell phone in to local police when she did not turn the phone in to the casino's lost and found or security personnel.

We affirm the conviction, but vacate the sentence.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**