**IN THE COURT OF APPEALS OF IOWA**

No. 15-0765
Filed June 15, 2016

**JAMES ALAN CHRISTENSEN,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Woodbury County, Edward A.

Jacobson, Judge.

     James Christensen appeals from the denial of postconviction relief.

**AFFIRMED.**

     Alfredo Parrish of Parrish Kruidenier Dunn Boles Gribble Gentry Brown &

Bergmann L.L.P., Des Moines, for appellant.

     Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant

Attorney General, for appellee State.

     Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

James Christensen was convicted of second-degree sexual abuse by aiding or abetting John Sickels; Christensen and Sickels were tried jointly. *See State v. Christensen*, No. 09-1961, 2010 WL 4792120 (Iowa Ct. App. Nov. 24, 2010) (finding sufficient evidence to support his conviction, the verdict was not against the weight of the evidence,[1] and that the trial court did not err in excluding irrelevant evidence or denying the motion for new trial based upon the prosecutor's improper surrebuttal argument on grounds of lack of prejudice). This court affirmed Christensen's conviction, *Christensen*, 2010 WL 4792120, at *10, and the supreme court denied further review.

On August 12, 2011, Christensen filed an application for postconviction relief (PCR) asserting trial counsel was constitutionally deficient in several respects. One issue raised was that trial counsel was ineffective in failing to

---

[1] In ruling on post-trial motions, the trial court concluded:

> The verdict in this case is not contrary to the weight of the evidence. . . . As previously indicated, the complaining witness' testimony was consistent and credible. Her testimony was corroborated by the testimony of the Club manager who found the bar in disarray on the morning after the incident. Further, the admissions of the defendants support many of the salient points of the complainant's testimony. The testimony of the defendants was inconsistent and generally not credible on the issue of consent.
>
> The complainant's testimony was believable when she said that defendant Christensen physically herded her into the area behind the bar and then stood across the bar from her while holding her hand, pushing her hair back and shushing her as defendant Sickels had sex with her from the rear without her consent. Sickels admitted the sex act. Her testimony was compelling when she stated that she looked Christensen in the eye while this was going on and said, "[T]his isn't right." The complainant's testimony that after the act was completed, Christensen told her something like "nothing happened here" or "this never happened" was corroborated by Christensen's admission.
>
> The more credible evidence in this case supports the State's position that it proved beyond a reasonable doubt that defendant Sickels performed a sex act upon the victim by force and against her will while being aided and abetted by defendant Christensen.

establish prejudice from prosecutorial misconduct, i.e., improper rebuttal argument, and appellate counsel was ineffective in failing to demonstrate prejudice on direct appeal. The district court granted the State's motion for partial summary judgment on this issue, concluding, "The appellate court has already found insufficient prejudice to warrant the granting of relief. That ruling stands as the law of the case just as the ruling stood as the law of the case in *Stringer* [*v. State*, 522 N.W.2d 797, 800–01 (Iowa 1994)]."

The remaining issues were scheduled for a subsequent bench trial. At the PCR trial, counsel for Christensen stated that only the claims related to the failure to sever Christensen's and Sickels' trials were proceeding. Following a hearing, the district court rejected the claims. Christensen appeals.

We review ineffective-assistance-of-counsel claims de novo. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

To succeed on a claim of ineffective assistance of counsel, a PCR claimant must prove trial counsel failed to perform an essential duty and prejudice resulted. *Id.* "Reversal is warranted only where a claimant makes a showing of both elements." *Id.* If the claimant has failed to establish either of these elements, we need not address the remaining element. *Id.*

We review "tactical or strategic decisions of counsel . . . in light of all the circumstances to ascertain whether the actions were a product of tactics or inattention to the responsibilities of an attorney." *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) (citation omitted). "'We begin with the presumption that the attorney performed competently' and 'avoid second-guessing and hindsight.'" *Id.* (citation omitted).

Upon our de novo review, we find no reason to set aside the district court's decision.

*Severance.* The record shows that trial counsel considered and weighed the advantages and disadvantages of a joint trial at the outset of the proceedings. Trial counsel believed that Sickels' testimony could benefit Christensen and that Christensen might not be able to secure Sickels' testimony if the two were tried separately. We agree with the district court that decision has not been shown to be unreasonable or constitutionally deficient.

Christensen also contends that trial counsel was ineffective in failing to move to sever as the trial neared and during the trial, arguing he was prejudiced by testimony of prior incidents of bad acts admitted against Sickels. In this regard, the PCR court ruled:

> The court again notes that the State never said that Christensen was present at these incidents, let alone participated in them. Rather, the State respected Christensen's choice as to whether or not to open the door to character evidence against himself.
> Additionally, the court finds it difficult to believe that the State's questions, and Smith's and Hartsock's answers, could have caused spill-over prejudice to Christensen. From these questions and answers, the jury learned that on one occasion during the fall prior to the alleged crime, Sickels had been rowdy at a bar and had repeatedly asked a female bartender to flash her breasts to him. The jury also learned that Sickels had been involved in an assault at age eighteen. The court is not willing to conclude that merely being tried jointly with a defendant who committed these prior bad acts was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. [668,] 687 [(1984)]. The court does not believe that this questioning and the accompanying testimony was so prejudicial that its prejudicial effect could have, without more, "spilled over" to Christensen and could have led a jury to convict him solely based on his association with his codefendant.

A defendant cannot obtain a severance just because evidence is admitted against his co-defendant that is inadmissible to the defendant. *See State v. Williams*, 574 N.W.2d 293, 300 (Iowa 1998) ("Severing the trials of co-defendants is required in two instances: (1) where the trial is so complex and the evidence so voluminous that the jury will be confused and cannot compartmentalize the evidence; or (2) where the evidence admitted by or against one defendant is so prejudicial to a co-defendant, the jury is likely to wrongly use it against the co-defendant.").

The bad-acts testimony about which Christensen complains did not directly implicate him. Even Sickels' attorney noted during the discussion of a motion for mistrial (which he joined), "We said nothing about Mr. Christensen, nor was Mr. Christensen discussed."

Christensen's counsel moved for a mistrial based upon the spillover effect of the testimony implicating Sickels. Christensen's counsel argued:

> Your Honor, if I may, one other thing that I would like to state for the record—and this kind of dovetails into what Mr. McConville [Sickels' counsel] just stated—while our defenses are not antagonistic to each other, we are separate parties, and the characterization that they presented this evidence is a misstatement of the record. We are separate defendants. We are not presenting a joint defense. This is not—we are not co-counsel, and we are separate parties in this criminal prosecution. And therefore what Mr. McConville introduces into evidence, I have absolutely no control over that. And I just wanted to make that clear because [the prosecutor] said they put that evidence in, and they didn't put that evidence in. We didn't put that evidence in. And that's all I wanted to clarify on that, Your Honor.

The trial court ruled, in part:

> This is a joint trial. The State is entitled to cross-examine a defendant's witnesses. And the fact that this occurred is not

grounds for a mistrial for Defendant Christensen, and certainly not for Defendant Sickels.

The Defendant Christensen this morning proposed some requested jury instructions that are limiting instructions or cautionary instructions that the Court will certainly consider that will indicate to the jury that the evidence that the character evidence offered with regard to Defendant Sickels shall not be considered by the jury with regard to Defendant Christensen. And during the course of the presentation of that evidence, there was no reference to Defendant Christensen. So the defendants' motion for mistrial is overruled.

A limiting instruction was given to the jury that character evidence related to Sickels could not be used against Christensen and each defendant was entitled to have his case decided solely on the evidence which applies to him.[2]

Christensen claims this was a "he said—he said—she said" case, and that any evidence that served to undercut Sickels necessarily "undercut Christensen by association."[3] We are not convinced any association caused an unfair trial. Christensen's defense emphasized that Sickels stated Christensen played no part in the encounter with the complaining witness, which Sickels testified was consensual. The jury was properly instructed to give separate consideration to the evidence presented against each defendant. We presume the jury adhered

---

[2] Instruction 15 states:

As you know, there are two defendants on trial here: John Sickels and James Christensen. Each defendant is entitled to have his case decided solely on the evidence which applies to him. Some of the evidence in this case is limited under the rules of evidence to one of the defendants, and cannot be considered against the others.

Character evidence regarding defendant John Sickels can be considered only in the case against defendant Sickels. You must not consider that evidence when you are deciding if the State has proved, beyond a reasonable doubt, its case against defendant James Christensen.

[3] As found by the appellate court on direct appeal, "Christensen ignores the testimony from both the club manager and the club bookkeeper describing the disarray in the bar area the morning after the assault. His argument also completely ignores both his own statements to the DCI consistent with [the complaining witness's] description of the assault and the confirming statements of Sickels. *Christensen*, 2010 WL 4792120, at *5.

to the trial court's instructions. *State v. Proctor*, 585 N.W.2d 841, 845 (Iowa 1998).

Christensen argues the motion for mistrial was "too little too late," inferring counsel should have anticipated the situation and moved to sever at least after trial began and before Sickels opened the door to character evidence. We are "to avoid second-guessing and hindsight" in our review of counsel's performance. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). "Considering the standard of reasonableness utilized in determining ineffective assistance claims, ineffective assistance is more likely to be established when the alleged actions or inactions of counsel are attributed to a lack of diligence as opposed to the exercise of judgment." *Id.* Christensen has not proved counsel did not reasonably exercise professional judgment. He has not proved counsel breached an essential duty in failing to move for to sever immediately before the trial or after trial had begun.[4] Even though the bad-acts evidence against Sickels would not have been admissible against Christensen in a separate trial, a defendant is not entitled to severance simply because the defendant now believes he may have had a better chance of acquittal in separate trials. *See Zafiro v. United States*, 506 U.S. 534, 540 (1993).

*Prejudice from prosecutorial misconduct.* Christensen maintains the PCR court erred in granting summary judgment for the State on the issue of prejudice

---

[4] On appeal, Christensen asserts the PCR court erred in failing to analyze the issue under the Iowa Constitution, despite his having asserted a violation of Article 1, section 10 in his application. However, Christensen did not ask the district court to address this issue, and thus it is not properly before us. *See Lamasters v. State*, 821 N.W.2d 856, 863–64 (Iowa 2012) (reiterating the rule that when a court fails to rule on a matter, a party must request a ruling by some means).

related to prosecutorial misconduct. The issue of the prosecutor's rebuttal argument was thoroughly argued at trial and on appeal. The district court found the rebuttal was improper in some respects, but did not deprive the defendant of a fair trial and thus was not prejudicial. On direct appeal, this court considered the matter and also concluded the argument was not prejudicial. *See Christensen*, 2010 WL 4792120, at *6–9. Because the argument was found "insufficient prejudice to warrant the granting of relief," "[t]hat ruling stands as the law of the case concerning the prejudicial effect." *Stringer*, 522 N.W.2d at 801.

Christensen asserts his claim is different, in that there were actions trial counsel could have taken to develop prejudice more fully. Specifically, he asserts PCR counsel should have been allowed to depose the prosecutor who made the rebuttal argument to establish her improper comments were intentional.

We must keep the posture of this case in mind. It is the applicant's burden to prove both deficient performance and prejudice. *Dempsey*, 860 N.W.2d at 868. "Prejudice exists where a claimant proves a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citations omitted). Even presuming trial counsel should have performed some additional action, there has already been a determination that the improper argument did not prejudice Christensen. *See Christensen*, 2010 WL 4792120, at *9 (concluding, "[w]hen we view the prosecutor's misstatements in the context of the entire trial, we are convinced the misstatements did not deprive Christensen of a fair trial and conclude he has failed to prove prejudice"). Because Christensen cannot relitigate the prejudicial effect of the rebuttal closing

argument, he cannot prove trial counsel was ineffective. The PCR court did not err in granting partial summary judgment.

We affirm the denial of the PCR application.

**AFFIRMED.**