## IN THE COURT OF APPEALS OF IOWA

No. 22-1850
Filed December 6, 2023

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**BRANDON LEE NELSON,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for O'Brien County, Don E. Courtney,

Judge.

A defendant appeals his conviction for second-degree theft. **REVERSED**

**AND REMANDED.**

Martha J. Lucey, State Appellate Defender, Theresa R. Wilson, Assistant

Appellate Defender, and Danielle Dunne, Law Student, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.

Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**TABOR, Presiding Judge.**

A jury found Brandon Nelson guilty of second-degree theft for taking a motor vehicle. Nelson appeals his conviction, contending that he did not intend to permanently deprive the owner of the vehicle. Because the State did not prove that element beyond a reasonable doubt, we reverse Nelson's theft conviction and remand for entry of judgment of acquittal.

## I. Facts and Prior Proceedings

After working an overnight hospital shift in August 2021, P.K. found his 2017 Chevy Sonic missing from the parking lot. Within fifteen minutes of calling the police, P.K. located the vehicle using his OnStar service. It was six blocks from the hospital. The hospital pulled surveillance footage of the parking lot; that video showed that the vehicle went missing "sometime between 1:00 and 3:00 a.m."

The car was covered in dust because P.K. lived on a gravel road. But in the dust were "smudge marks and handprints" that weren't there when he arrived at work. Sheldon Police Officer Todd Wood believed that the Chevy, which had a manual transmission, had been placed into neutral and pushed to the new location. Checking inside, P.K. discovered his cash and clothing were gone. He also noticed a "wadded up soaking wet" plaid shirt that did not belong to him.

Later that morning, police received calls that "a white, tall male subject" was seen "wandering about" barefooted near a downtown restaurant. Officer Wood spotted a man matching that description in the convenience store parking lot. The officer observed that the man, later identified as Nelson, was "lost or confused" and "not walking in a straight line." Officer Wood asked Nelson if he was okay and noticed a price tag hanging from the shirt Nelson was wearing. After more

questioning, Officer Wood arrested Nelson.[1]  At the jail, O'Brien County Deputy Keven Van Meeteren interviewed Nelson, who is a registered sex offender.  The deputy asked Nelson about his failure to update his address for the sex offender registry when he moved to South Dakota.  Nelson said he was homeless there and did not have a residence to list.

The State charged Nelson with theft of a motor vehicle, a class "D" felony, in violation of Iowa Code sections 714.1(1) and 714.2(2) (2021).[2]  At trial, Nelson testified that when he returned to Sheldon from South Dakota, he was "just trying to blend in" and "needed a rest."  He admitted pushing the Chevy all six blocks from the hospital parking lot.  But he denied any intent to permanently deprive P.K. of the car.  As a homeless man, Nelson said he was trying to avoid "harassment" from police, so he took the car for shelter.

The jury found Nelson guilty of second-degree theft, among other offenses.  The court imposed a prison sentence not to exceed five years.  And the court ordered that sentence to be served consecutively with an indeterminate five-year term for Nelson's assault conviction.  Nelson appeals only his theft conviction.

---

[1] Officer Wood received a report of vandalism earlier that morning in a residential neighborhood.  Amid other debris, a homeowner discovered a pair of abandoned flip-flops in his yard and turned them over to police.  When Officer Wood asked Nelson why he was barefooted, Nelson said he lost his flip-flops somewhere on the road.  Making the connection, Wood pulled out the flip-flops, and Nelson stepped right into them.

[2] In the same trial information, the State charged him with two aggravated misdemeanors—third-degree burglary and a sex offender registry violation.  In separate trial informations, the State charged him with criminal mischief in the fourth degree, a serious misdemeanor, and two counts of assault on jailers, both class "D" felonies.  The court consolidated the charges for trial.  The jury found him guilty of five offenses but acquitted him on one of the assaults.

## II. Scope and Standard of Review

We review sufficiency of the evidence claims for correction of errors at law. *State v. Nall*, 894 N.W.2d 514, 517 (Iowa 2017). We view the evidence in the light most favorable to the State, but we consider all evidence, not just the inculpatory facts. *State v. Keopasaeuth*, 645 N.W.2d 637, 640 (Iowa 2002). We uphold a verdict when it is supported by substantial evidence in the record. *State v. Mong*, 988 N.W.2d 305, 312 (Iowa 2023). Evidence is substantial if it "would have convinced a rational fact finder that the defendant is guilty of the crime charged beyond a reasonable doubt." *State v. Constable*, 505 N.W.2d 473, 478 (Iowa 1993). "Evidence is not substantial if it raises only suspicion, speculation or conjecture." *State v. Speicher*, 625 N.W.2d 738, 741 (Iowa 2001).

## III. Analysis

To find Nelson guilty of theft in the second degree, the jury had to find these elements:

> 1. On or about the 10th day of August, 2021, [he] knowingly took possession or control of an automobile.
> 2. [He] did so with the specific intent to permanently deprive [P.K.] of the automobile.
> 3. At the time of the taking, the automobile belonged to [P.K.].

Nelson contests only the element of specific intent. The instructions defined specific intent as "not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind." From there, the State had to prove that Nelson acted with the specific purpose to "permanently deprive" P.K. of his car. *See State v. Morris,* 677 N.W.2d 787, 788 (Iowa 2004) (defining intent to deprive in Iowa Code section 714.1(1) as intent to *permanently* deprive); *State v. Schminkey,* 597 N.W.2d 785, 789 (Iowa 1999) (same).

The jury instructions did not define "permanently deprive." But our case law says it requires "more than a temporary dispossessing of another's property." *State v. Berger*, 438 N.W.2d 29, 31 (Iowa Ct. App. 1989). Rather, to prove theft, the State had to show that Nelson intended to withhold the property "for an extended period of time, *or* under such circumstances, that its benefit or value is lost; *or,* the property is disposed of in such a manner or under such circumstances, as to render it unlikely that the owner will recover the property." *Id.*

Nelson notes that his taking of the Chevy without the owner's consent did not give rise to an inference that he intended to permanently deprive P.K. of the vehicle. *See Morris*, 677 N.W.2d at 788; *Schminkey*, 597 N.W.2d at 791. He compares his case to *Morris* and *Schminkey.* In *Schminkey*, our supreme court vacated a guilty plea for vehicle theft because the record did not support a factual basis for the defendant's intent to permanently deprive. 597 N.W.2d at 787. Schminkey had been drinking, took a truck owned by a man he did not know, drove erratically, crashed the truck, and killed another driver before colliding with a fence. *Id.* at 787. The court found that none of those facts revealed Schminkey's intent "to do anything more than temporarily use the vehicle to go home or to another bar." *Id.* at 791. The supreme court reaffirmed *Schminkey* in *Morris.* 677 N.W.2d at 788. The court reversed a theft conviction where police stopped Morris about five miles from the owner's residence after he possessed the truck for about thirty minutes; Morris fled on foot. *Id.* ("Abandoning the vehicle and fleeing upon observing the presence of police was an act that would ordinarily assure that the truck would be returned to its owner.").

In defense of this verdict, the State points to Nelson's admission that he pushed the vehicle away from the hospital parking lot so he could "rest" in it away from the police. The State contends that the jury could reasonably infer from that evidence that Nelson took possession with the intent to permanently deprive P.K. of the vehicle. For that proposition, the State relies on *State v. Rosewall*, 239 N.W.2d 171, 173 (Iowa 1976) (noting "unexplained possession of recently stolen property justifies an inference of guilt of the possessor").[3] Trouble is, the charge in *Rosewall* was larceny of a motor vehicle under the 1975 criminal code. *See* Iowa Code § 321.82 (1975) (imposing punishment "if any person steal, take and carry away, irrespective of value, any motor vehicle"). Rosewall was convicted of operating without the owner's consent. 239 N.W.2d at 172 (citing Iowa Code § 321.76). Neither statute required the State to prove an intent to permanently deprive. *Id.* As Nelson argues, under *Schminkey* and *Morris*, the jurors could not infer from Larson's act of taking the car without P.K.'s permission that Larson had the requisite intent.

The State also argues that Nelson "had no car . . . no money, and was trying to leave Iowa."[4] Those circumstances, according to the State, supported a finding that Nelson had the specific intent to permanently deprive P.K. of his vehicle at the time of the taking. The State reasons that the fact that Nelson abandoned the vehicle does not negate the intent he had at the time of the taking. That may be

---

[3] The State also cites the dissent from *Morris* to urge the acceptance of an inference arising from the possession of recently stolen property. *See* 677 N.W.2d at 790 (Larson, J., dissenting). But we are bound by the majority opinion.

[4] Nelson admitted that he "wasn't going to stay in Iowa" when being questioned about a separate crime. That testimony does not support the State's argument on the theft offense.

true, but neither is abandonment "indicative of the requisite intent." *Morris*, 677 N.W.2d at 788.

The State next ventures that P.K. "lost the value or benefit of the property because he did not have his car when he needed it to leave work." But that clipped reading of the definition of permanent deprivation ignores the references to "an extended period of time" and disposal of property "under such circumstances as to render it unlikely that the owner will recover the property." Using a GPS tracking device, P.K. found his car just six blocks from the hospital. True, the car was taken from the parking lot between four and six hours before P.K. noticed it missing. But the record does not show how long Nelson possessed it. Nelson testified that he stopped pushing when he realized he "couldn't get to a comfortable spot where [he] felt like [he] would be safe." His testimony, like his acts and the attending circumstances, fail to show an intent to permanently deprive. *See State v. Fuentes,* No. 03-0426, 2004 WL 1854103, at *2 (Iowa Ct. App. July 28, 2004) (finding Fuentes's testimony that he did not intend to keep another man's van, combined with the fact that it was not driven far and was found the same night it was taken, undermined the State's proof of an intent).

But the State emphasizes that the jury was free to reject Nelson's testimony. *See State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006). Indeed, the jury had that freedom. Yet, even without Nelson's testimony, the evidence did not support the State's theory that he took the car to leave Iowa. Nelson had no key nor other means to operate the vehicle. The jury could not reasonably infer that Nelson planned to push the car out of state from Sheldon. Even viewing the evidence in the light most favorable to the State, these facts do not allow a reasonable

factfinder to infer that Nelson had the specific intent to permanently deprive P.K. of his vehicle.  Under these circumstances, we reverse Nelson's theft conviction and remand for entry of judgment of acquittal.[5]

**REVERSED AND REMANDED.**

---

[5] The jury was not instructed on the lesser included offense of operating without owner's consent under Iowa Code section 714.7.